IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

AIMEE HARTMAN                      CASE NO.:

    Plaintiff,                           13- 1479 CI-19

vs.

CAPITAL ONE SERVICES, LLC,         DEMAND FOR JURY TRIAL

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, AIMEE HARTMAN, by and through undersigned counsel, and hereby sues Defendant, CAPITAL ONE SERVICES, LLC, and states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Pinellas County, Florida.

2. This is an action for damages exceeding $15,000.00.

3. Defendant is a Foreign Profit Corporation as registered with Florida Department of State, Division of Corporations. <u>See</u>: Exhibit "A".

4. Defendant is a "Creditor", as defined by the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55(3).

5. The debt is a consumer debt as defined by the FCCPA, Florida Statute § 559.55(1), as it was incurred by Plaintiff for household purposes.

6. It is alleged by Defendant that Plaintiff owes a debt regarding past due monies to Capital One for Account No. xxxx-xxxx-xxxx-9587.

7. On July 6, 2012, the undersigned law firm put Defendant on notice of the firm's representation of Plaintiff in relationship to the collection of the consumer debt. <u>See</u>: Exhibit "B".

8. Defendant knowingly contacted Plaintiff, via mobile cell phone, after Defendant had unequivocal notice that Plaintiff was represented by the undersigned counsel and could readily ascertain the undersigned's contact information. See: Exhibit "B".

9. Plaintiff's attorney did not fail to respond within a reasonable period of time to a communication from Defendant, did not consent to Defendant's direct communication with Plaintiff and Plaintiff did not initiate the communications.

10. On July 6, 2012, Plaintiff clearly and unequivocally revoked any and all permission of Defendant to call Plaintiff's mobile cell phone. See: Exhibit "B".

11. From July 6, 2012, and going forward, Defendant utilized automated dialing equipment, including but not limited to computer assisted dialing systems to place numerous calls to Plaintiff's mobile cell phone. See: Exhibit "C".

12. On November 8, 2012, Plaintiff, for a second time, clearly and unequivocally revoked any and all permission of Defendant to call Plaintiff's mobile cell phone, explicitly informed Defendant of the existing violations, and made clear that future calls could be considered willful and knowing if not stopped immediately. See: Exhibit "D".

13. Plaintiff suffered frustration, increased anxiety, emotional distress, insomnia, embarrassment, intimidation and feelings of threats as a result of Defendant's collection activity and increased volume of phone calls.

14. All conditions precedent have been performed or have occurred.

## COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT "FCCPA"

15. Plaintiff incorporates all allegations in paragraphs 1-14 as if stated fully herein.

16. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

17. Defendant violated Florida Statute § 559.72(18) when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel in relationship to collection of the consumer debt and could reasonably ascertain the name and address of counsel. See: Exhibits "B" through "D".

18. Plaintiff's attorney did not fail to respond within a reasonable period of time to a communication from Defendant, did not consent to Defendant's direct communication with Plaintiff and Plaintiff did not initiate the communications.

WHEREFORE, Plaintiff, AIMEE HARTMAN, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

 a. any actual damages sustained by Plaintiff as a result of the above allegations;

 b. additional damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

 c. in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;

 d. and, any other relief the court deems just and proper.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT "TCPA"

19. Plaintiff incorporates all allegations in paragraphs 1-14 as if stated fully herein.

20. Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

21. Defendant utilized automated dialing equipment as defined by 47 U.S.C. § 227(a)(1)(A-B) to place the unauthorized calls that Defendant made to Plaintiff's mobile cell phone number, from July 6, 2012, and for any calls continuing thereafter. **See**: Exhibit "C".

22. Defendant independently violated 47 U.S.C. § 227(b)(1)(A) for each unauthorized call Defendant placed to Plaintiff's mobile cell phone number, with automated dialing equipment. **See**: Exhibit "C".

23. Any independent violation of 47 U.S.C. § 227(b)(1)(A) after November 8, 2012, is considered knowing and willful because:

 a) Plaintiff revoked Defendant's permission to call Plaintiff's mobile cell phone number, **See**: Exhibit "B";

 b) despite having no affirmative legal duty to mitigate damages for violations of the TCPA[1], Plaintiff notified Defendant of the existing TCPA violations as of November 8, 2012, **See**: Exhibit "D";

---

[1] "[N]o authority [exists] that requires a plaintiff to mitigate damages under the TCPA, and each case I have found that has considered this issue has concluded that the TCPA does not impose a duty to mitigate." Fillichio v. M.R.S. Assocs., 2010 U.S. Dist. LEXIS 112780, 13-14 (S.D. Fla. Oct. 19, 2010); *See*, e.g., Holtzman v. Turza, 2010 U.S. Dist. LEXIS 80756, 2010 WL 3076258, at 5 (N.D. Ill. 2010) ("Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable."); State ex rel. Charvat v. Frye, 114 Ohio St. 3d

      c)    and Plaintiff explicitly warned Defendant that continued violations could be considered knowing and willful entitling Plaintiff to treble damages pursuant to 47 U.S.C. § 227 (b)(3), <u>See</u>: Exhibit "D".

**WHEREFORE**, Plaintiff, AIMEE HARTMAN, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

    a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after July 6, 2012;

    b.    an award of statutory treble damages pursuant to 47 U.S.C. § 227(b)(3) in the amount of $1,500.00 for any unauthorized calls placed after November 8, 2012, as knowing and willful violations, but not less than $500.00 for each of the unauthorized calls pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    and, any other relief the court deems just and proper.

**[THIS SECTION INTENTIONALLY LEFT BLANK – CONTINUED ON NEXT PAGE]**

---

76, 2007 Ohio 2882, 868 N.E.2d 270, 275 (Ohio 2007) ("There is no duty to mitigate in TCPA cases."); Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc., 139 S.W.3d 342, 347 (Tex. Ct. App. 2004) ("no duty to contact [defendant] and ask them to stop violating the TCPA"); Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp., 2006 WL 2771640, at 4 (Mo. Ct. App. 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant."); Jemiola v. XYZ Corp., 2003 Ohio 7321, 802 N.E.2d 745, 750 (Ohio Com. Pl. 2003) ("Plaintiff has no obligation to mitigate damages [under TCPA], since the amount of damages is specifically set by statute and is therefore mandatory").

## DEMAND FOR JURY TRIAL

Plaintiff, AIMEE HARTMAN, demands a trial by jury as to all issues.

Dated this 6 day of FEBRUARY, 2013.

Boss, Arrighi & Hoag, P.L.

Brian M. Hoag, Fla. Bar No.: 012339
Service Email: cpservice@protectyourfuture.com
Email: bhoag@protectyourfuture.com
Fla. Bar No.: 0012339
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**